**RECEIVED**

JUL 2 6 2016

FLORENCE, S.C.

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:16-CR-577 |
| | ) | |
| vs. | ) | 18 U.S.C. § 1343 |
| | ) | |
| EDWARD LAWRENCE JOHNSON, II | ) | |
|   a/k/a "Jeff Hunt" | ) | **INDICTMENT** |
|   a/k/a "Andrew Santillio" | ) | |
|   a/k/a "JT" | ) | |
|   a/k/a "John McCoy" | ) | |
|   a/k/a "Chris Meyer" | ) | |
|   a/k/a "Kelly Arnold" | ) | |
|   a/k/a "Robert Newman" | ) | |
|   a/k/a "Chris Johnson" | ) | |
|   a/k/a "Rob Dean" | ) | |
|   a/k/a "Brad Henderson" | ) | |
|   a/k/a "Chad Goss" | ) | |

## COUNTS 1-5

THE GRAND JURY CHARGES:

1. That around or about January 2007, the exact date being unknown to the Grand Jury, until on or about June 29, 2016, in the District of South Carolina, the defendant, EDWARD LAWRENCE JOHNSON, II, a/k/a "Jeff Hunt"; a/k/a "Andrew Santillio"; a/k/a "JT"; a/k/a "John McCoy"; a/k/a "Chris Meyer"; a/k/a "Kelly Arnold"; a/k/a "Robert Newman"; a/k/a "Chris Johnson"; a/k/a "Rob Dean"; a/k/a "Brad Henderson"; and a/k/a "Chad Goss", did devise and intend to devise a scheme and artifice to defraud and to obtain money and

property from various individuals by means of false and fraudulent pretenses, representations, and promises.

2.  It was a part of said scheme and artifice to defraud that the defendant, EDWARD LAWRENCE JOHNSON, II, a/k/a "Jeff Hunt"; a/k/a "Andrew Santillio"; a/k/a "JT"; a/k/a "John McCoy"; a/k/a "Chris Meyer"; a/k/a "Kelly Arnold"; a/k/a "Robert Newman"; a/k/a "Chris Johnson"; a/k/a "Rob Dean"; a/k/a "Brad Henderson"; and a/k/a "Chad Goss", would offer to sell various merchandise including cell phones on the internet, knowing the merchandise would not be delivered, then fail to deliver said merchandise after receiving payment causing losses of over $1,000,000.00.

3.  It was further a part of said scheme and artifice to defraud that the defendant, EDWARD LAWRENCE JOHNSON, II, a/k/a "Jeff Hunt"; a/k/a "Andrew Santillio"; a/k/a "JT"; a/k/a "John McCoy"; a/k/a "Chris Meyer"; a/k/a "Kelly Arnold"; a/k/a "Robert Newman"; a/k/a "Chris Johnson"; a/k/a "Rob Dean"; a/k/a "Brad Henderson"; and a/k/a "Chad Goss", would use various aliases, when dealing with purchasers, including but not to: Jeff Hunt; Andrew Santillio; JT; John McCoy; Chris Meyer; Kelly Arnold; Robert Newman; Chris Johnson; Rob Dean; Brad Henderson; and Chad Goss.

4.  It was further part of said scheme and artifice to defraud that the defendant, EDWARD LAWRENCE JOHNSON, II, a/k/a "Jeff Hunt"; a/k/a "Andrew Santillio"; a/k/a "JT"; a/k/a "John McCoy"; a/k/a "Chris Meyer"; a/k/a "Kelly Arnold"; a/k/a "Robert Newman"; a/k/a "Chris Johnson"; a/k/a "Rob

Dean"; a/k/a "Brad Henderson"; and a/k/a "Chad Goss", would offer merchandise on the internet using different business names, addresses, telephone numbers, e-mail addresses and websites including but not limited to: Trivo Wireless, LLC; RBC Communications, Inc.,; Avista Entertainment; SBC Communications; Kore, Inc.; Blue Communications; Movia Wireless, Inc.; Asset/Vada Wireless; One Communications, LLC; Vertex Communications; TCI Communications, LLC; West Communications; TCI Wireless; and One Holding.

5. On or about the dates set forth below, in the District of South Carolina, the defendant, EDWARD LAWRENCE JOHNSON, II, a/k/a "Jeff Hunt"; a/k/a "Andrew Santillio"; a/k/a "JT"; a/k/a "John McCoy"; a/k/a "Chris Meyer"; a/k/a "Kelly Arnold"; a/k/a "Robert Newman"; a/k/a "Chris Johnson"; a/k/a "Rob Dean"; a/k/a "Brad Henderson"; and a/k/a "Chad Goss", for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly did cause to be transmitted in interstate commerce by means of a wire communication certain signs and symbols, that is, the below listed funds wired from the below listed banks to the below listed banks in South Carolina, to wit:

| COUNTS | DATE | AMOUNT | BANK | BANK |
|---|---|---|---|---|
| 1 | 12/27/2012 | $32,000 | Bank Of America, Olathe, KS | Bank of America, Florence, SC |
| 2 | 12/16/2013 | $500 | Orrstown Bank, Shippensburg, PA | First Citizens Bank, Florence, SC |
| 3 | 12/17/2013 | $17,050 | Orrstown Bank, Shippensburg, PA | First Citizens Bank, Florence, SC |
| 4 | 1/29/2014 | $4,475 | HSBC Bank USA, 452 Fifth Ave., New York, NY | Bank of America |
| 5 | 9/4/2014 | $5,000 | Bank of Montreal, Kingston, ON | Bank of America, Columbia, SC |

All in violation of Title 18, United States Code, Section 1343.

# FORFEITURE

A.  SPECIFIED UNLAWFUL ACTIVITIES:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in the Indictment, the Defendant, EDWARD LAWRENCE JOHNSON, II, a/k/a "Jeff Hunt"; a/k/a "Andrew Santillio"; a/k/a "JT"; a/k/a "John McCoy"; a/k/a "Chris Meyer"; a/k/a "Kelly Arnold"; a/k/a "Robert Newman"; a/k/a "Chris Johnson"; a/k/a "Rob Dean"; a/k/a "Brad Henderson"; and a/k/a "Chad Goss shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which is involved in such violation or which constitutes or is derived from proceeds traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following:

(1) Proceeds/Money Judgment:

   (a) A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in the Indictment, that is, a minimum of approximately $1,200,000.00 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343.

B.  **SUBSTITUTE ASSETS:**

1. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third person;
   (c) has been placed beyond the jurisdiction of the Court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

A \_\_\_\_True\_\_\_\_ Bill

_____
FOREPERSON

_____
BETH DRAKE (wed)
Acting United States Attorney