IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.  4:16-577 |
| | ) | |
| vs. | ) | 18 U.S.C. §1343 |
| | ) | 18 U.S.C. §1349 |
| EDWARD LAWRENCE JOHNSON, II | ) | **SUPERSEDING** |
| AMBER KRYSTAL JOHNSON | ) | **INDICTMENT** |
| | ) | |

**RECEIVED**
FEB 2 8 2017
FLORENCE, S.C.

## COUNT 1

THE GRAND JURY CHARGES:

1. At all times relevant to this indictment:

   a. EDWARD LAWRENCE JOHNSON, II, committed fraud using his name and various aliases including but limited to: Jeff Hunt; Andrew Santillio; T; John McCoy; Chris Meyer; Kelly Arnold; Robert Newman; Chris Johnson; Rob Dean; Brad Henderson; and Chad Goss.

   b. AMBER KRYSTAL JOHNSON, committed fraud using her name and various aliases including but not limited to Krystal James.

   c. EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON, offered to sell various merchandise, goods and services on the internet, including cell phones, cell phone sim cards, DIRECTV airtime for religious programming, music recording and concert contracts, knowing that the merchandise, goods and services would not be provided.

   d. EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON used various business names when committing fraud, including but not limited to: No

Doubt Records; Trivo Wireless, LLC; Avista Entertainment; SBC Communications; Movia Wireless, Inc.; Asset/Vada Wireless; West Records; Avista Records; One Communications, LLC; One World Corp; Vertex; TCI Communications, LLC; West Communications; TCI Wireless; West Music; One Holdings; Phat Boy Entertainment; CliQ Cosmettics; Lolo Digital; Vada Wear; MDK; CliQ USA; Pada Apparel, LLC; Amber J Apparel; RBC Communications, Inc.; and Shoe Fash.

2. The scheme and artifice to defraud operated substantially as follows:

   a. EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON, used the internet to advertise various goods and services for sale.

   b. When customers attempted to purchase goods and services they were required to wire funds to bank accounts or to paypal accounts controlled by the Defendants, EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON. After funds were wired to the accounts, the Defendants would make withdrawals from the accounts before the customers realized the promised merchandise, goods, and services would not be provided.

3. Beginning at a time unknown to the Grand Jury, but from at least 2007 to in or around 2016, in the District of South Carolina, the Defendants, EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON, knowingly and willfully did combine, conspire, confederate and agree together:

   a. To devise and execute a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises and, for the purpose of executing, and attempting to execute, the scheme and artifice to defraud, to transmit and cause to be transmitted by means of wire in interstate commerce, writings,

signs, and signals, namely, internet communications and the transfer of funds by wire, in violation of Title 18, United States Code, Section 1343;

b. To devise and execute a scheme and artifice to defraud a financial institution and to obtain money, funds, credits, and assets owned and under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-6

THE GRAND JURY FURTHER CHARGES:

4. That from in or about January 2007, the exact date being unknown to the Grand Jury, until on or about June 29, 2016, in the District of South Carolina, the defendants, EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON, did devise a scheme and artifice to defraud and to obtain money from various individuals and financial institutions by means of false and fraudulent pretenses, representations, and promises.

5. It was part of said scheme and artifice to defraud that the defendants EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON would offer to sell various merchandise including cell phones and sim cards on the internet but fail to deliver said merchandise after receiving payment causing losses of over $2,000,000.00.

6. On or about the dates set forth below, in the District of South Carolina, the below listed defendant, EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly did cause to be transmitted in interstate commerce by means of a wire communication certain signs and symbols, that is, the below listed funds, wired from the below listed banks to the below listed banks in South

Carolina, to wit:

| COUNT | DATE | AMOUNT | BANK | BANK | DEFENDANT |
|---|---|---|---|---|---|
| 2 | 12/27/2012 | $32,000 | Bank of America, Olathe, KS | Bank of America, Florence, SC | Edward Johnson |
| 3 | 12/16/2013 | $500 | Orrstown Bank, Shippensburg, PA | First Citizens Bank, Florence, SC | Edward Johnson |
| 4 | 12/17/2013 | $17,050 | Orrstown Bank, Shippensburg, PA | First Citizens Bank, Florence, SC | Edward Johnson |
| 5 | 9/4/2014 | $5,000 | Bank of Montreal, Kingston, ON | Bank of America, Columbia, SC | Edward Johnson |
| 6 | 1/17/2013 | $30,000 | Bank of America, Miami, FL | South Carolina Bank and Trust, Florence, SC | Amber Johnson |

All in violation of Title 18, United States Code, Section 1343.

## **FORFEITURE**

A. <u>WIRE FRAUD/CONSPIRACY</u>:

Upon conviction to violate Title 18, United States Code, Sections 1343 and 1349 (conspiracy to commit wire fraud and bank fraud) as charged in this Superseding Indictment, the Defendants, EDWARD LAWRENCE JOHNSON, II, and AMBER KRYSTAL JOHNSON, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which is involved in such violation or which constitutes or is derived from proceeds traceable to such property.

B. <u>PROPERTY</u>:

The property subject to forfeiture includes, but is not limited to, the following:

Proceeds/Money Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in the Superseding Indictment, that is, a minimum of approximately $2,531,049.77 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 1349.

C. <u>SUBSTITUTE ASSETS</u>:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants –

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

A   TRUE   Bill

FOREPERSON

_____
BETH DRAKE (wed)
United States Attorney