UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) . Case No. 4:16-cr-577-BHH-1 |
| | ) |
| EDWARD LAWRENCE JOHNSON, II, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Edward Lawrence Johnson, II ("Johnson"), by and through the undersigned counsel, respectfully submits this Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Johnson offers the following:

### I. INTRODUCTION

Johnson was sentenced to a term of 51 months imprisonment on June 12, 2018, for one count of wire fraud, in violation of 18 U.S.C. § 1343. His current projected release date from the Bureau of Prisons ("BOP") is June 14, 2021, not including Residential Re-entry or home confinement time.[1]

In December 2018, Congress enacted the First Step Act ("FSA") which modified Title 18 of the United States Code Section 3582(c)(1) to allow a

---

[1] Johnson's release date of June 14, 2021 is reflected by the BOP's inmate locator, www.BOP.gov/inmateloc/. However, the date provided by the BOP is based upon Johnson's successful completion of RDAP. Without RDAP consideration, Johnson's tentative release date is February 23, 2022.

defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]"

On September 9, 2019, Johnson sought a Compassionate Release/Reduction in Sentence pursuant to Bureau of Prisons ("BOP") Program Statement 5050.50.[2] The Warden of FCI Miami, Florida[3] denied Johnson's request on November 7, 2019. For the reasons discussed below, Johnson respectfully prays that this Court will grant Johnson immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling circumstances.

## II. APPLICABLE LAW AND JURISDICTION

The First Step Act of 2018 modified 18 U.S.C. § 3582(c) to read as follows:

> (c) Modification of an Imposed Term of Imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[2] Due to the sensitive nature of Johnson's request for Compassionate Release, including the name and records of his minor son, Johnson will file exhibits to this motion under seal of court.

[3] Johnson has since been transferred to FCI Coleman Low.

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it find that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Johnson submitted his request for Compassionate Release to the Warden of FCI Miami, Florida in September 2019. It was not until November 7, 2019, that Warden Jenkins denied Johnson's request. Therefore, more than 30 days have elapsed between the time Johnson submitted his Compassionate Release request and the Warden's denial. Accordingly, this Court has jurisdiction under 18 U.S.C. § 3582(c)(1)(A).

As many district courts have noted post-Fair Sentencing Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy

3

statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13, which its commentary states:

> 1. Extraordinary and Compelling Reasons.–Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) Medical Condition of the Defendant.–
> >
> > > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > >
> > > (ii) The defendant is—
> > >
> > > > (I) suffering from a serious physical or medical condition,
> > > >
> > > > (II) suffering from a serious functional or cognitive impairment, or
> > > >
> > > > (III) experiencing deteriorating physical or mental health because of the aging process,
> > >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> >
> > (B) Age of the Defendant.–The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> >
> > (c) Family Circumstances.–

> (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Since the enactment of the First Step Act, district courts across the country have found and given various meanings to the term "extraordinary and compelling." *See, e.g., United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399 (S.D.N.Y. Jan. 8, 2020) ("The rapid decline [in health] coupled with Ebbers's age present 'extraordinary and compelling reasons'"); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (concluding that the stacking provision of 18 § 924(c) constitutes extraordinary and compelling reason for reduction in sentence after the First Step Act); *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964 (D. Mass. Sept. 16, 2019) (finding the defendant's role as the only potential caregiver to his ailing mother extraordinary and compelling reason for compassionate release); and *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019) ("Ms. Beck's invasive cancer and the abysmal health care BoP has provided qualify as 'extraordinary and compelling reasons' warranting a reduction in her sentence to time served.").

5

### III. A REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) IS WARRANTED

Johnson is seeking Compassionate Release based on extraordinary and compelling circumstances involving his medically ill eight-year-old son. As a toddler, Johnson's son began having sudden seizures that would render him unconscious for long periods of time. Unfortunately, Johnson's son's condition has not improved over the years, and is compounded by suffering from severe migraines and attention deficit hyperactive disorder. Johnson's son's health has taken a toll on his ability to attend school, he was fallen behind due to his neurological complications, and he has developed a learning disability. Additionally, Johnson's son must undergo numerous and invasive tests to diagnose and treat his condition.

As Johnson noted in his request for a Compassionate Release, his wife, Amber Johnson, is ambulatory and healthy; however, providing the necessary care for their son as well as financial support while Johnson is incarcerated has become an unbearable burden. If Johnson is granted Compassionate Release, he will be able to assist his wife with caring for their son, as well as provide much needed financial support.

In addition, Johnson has included a release plan in his request for Compassionate Release. Johnson has an immediate offer of employment with his church as a custodian. Amber Johnson currently earns approximately $600 per month and often must leave work to attend to medical emergencies with her son. For a time, Amber Johnson's sister functioned as a secondary

6

caregiver while Mrs. Johnson worked. Unfortunately, Mrs. Johnson's sister has moved out of state and can no longer provide this much-needed assistance. Further, Johnson's son's school district has recently converted to a year-round school. This means that Johnson's son will attend school for 9 consecutive weeks followed by a week of no school. Mrs. Johnson does not have anyone that is able to watch Mr. Johnson's son and nine-year-old daughter during this time off. The switch to year-round school only further complicates the Johnsons' current situation.

Prior to his incarceration, Johnson was his son's primary caregiver as Johnson has a medical background, and he would work alongside his son's doctors and schools. Johnson has approximately 15 months remaining on his sentence, not including time that may be spent in a halfway house or on home confinement. Johnson respectfully requests the Court grant his immediate release, and begin his term of supervised release, so that he may provide the care and support his son is in desperate need of. Alternatively, Johnson would respectfully request the remainder of his sentence be served on home confinement.

Further, Johnson submits that the 18 U.S.C. § 3553(a) factors support granting Johnson § 3582(c)(1)(A) relief. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the vital nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id*. Since he has been incarcerated,

7

Johnson has completed several programs including Work Keys, CDL, and Theatrical programs. Johnson has also taught Business 101, Piano Class, and Drum Class. Additionally, Johnson has also participated and volunteered in religious services and has completed a paralegal correspondence program.

It should also be noted that, in full candor, Johnson disclosed in his request for a Compassionate Release a disciplinary infraction for use of a cellphone. Johnson accepted full responsibility for the infraction, but explained that it was born out of desperation as he had no other means of contacting his wife pertaining to a medical emergency with his son. Other than this instance, Johnson has maintained outstanding conduct while incarcerated and has not had any other disciplinary issues since.

## IV. CONCLUSION

Johnson's family is in desperate need, and Johnson respectfully submits that these unique facts constitute extraordinary and compelling circumstances that warrant the grant of a Compassionate Release. Accordingly, Johnson respectfully prays that the Court will enter an order granting this 18 U.S.C. § 3582(c)(1)(A) motion and reduce Johnson's sentence to time served to allow Johnson to provide physical and financial support to his family.

8

Respectfully submitted,

/s/ Ernest Charles Grose, Jr.
Grose Law Firm
404 Main Street
Greenwood, SC 29646
Tel: 864-538-4466
Fax: 864-538-4405
Email: chasgrose@gmail.com

*Local Counsel for Johnson*


/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 17th day of March 2020.

/s/ Ernest Charles Grose, Jr.